WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which his claim for *983 wage loss benefits was denied. We conclude that the deputy did not err in finding that claimant failed to establish a permanent impairment which would warrant an award of wage loss benefits, and we therefore affirm the order appealed.
Claimant sustained a low back injury while lifting a concrete block, and testified that he continues to experience pain. The injury was diagnosed as a lumbar strain, and medical testimony indicates that upon maximum medical improvement claimant was without identifiable indicia of any physical impairment. The deputy expressly found that claimant’s pre-existing medical restrictions were “not entirely clear from the record” and that:
... claimant has failed to prove any permanent impairment in accordance with § 440.15(3)(a)3, Florida Statutes,_ It is reasonably clear to me from Dr. Wasy-lik’s testimony and from review of the American Medical Association Guide to the Evaluation of Permanent Impairment that the injury of which the claimant complains is covered under the Guides, and that [claimant] does not have any permanent physical impairment.
Unlike Trindade v. Abbey Road Beef ’N Booze, 443 So.2d 1007 (Fla. 1st DCA 1983), the present case is not one in which “permanent impairment cannot reasonably be determined under the criteria utilized in the Guides, in which event such permanent impairment may be established under other generally accepted medical criteria .... ” And even were this a proper instance for utilization of other medical criteria, the record in the present case provides competent substantial evidence, independent of the Guides, to support the deputy’s explicit finding that claimant has sustained no permanent physical impairment cognizable under § 440.15(3), Florida Statutes.
The order appealed is affirmed.
NIMMONS, J., specially concurs with opinion.
ZEHMER, J., dissents with opinion.